Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Rosal E. Salas;<br><br>    Plaintiff,<br><br>v.<br><br>Experian Information Solutions, Inc.;<br><br>    Defendant. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

### I.  Preliminary Statement

1.    Plaintiff brings this action for damages based upon Defendant's violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*. Plaintiff seeks to recover statutory damages, actual damages, punitive damages, costs and attorney's fees.

### II.  JURISDICTION

2.    Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1681p (FCRA), and 28 U.S.C. § 1331. Venue lies in the

Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

### III. PARTIES

3.  Plaintiff resides in Maricopa County, Arizona.

4.  Plaintiff is a "consumer" as defined by FCRA § 1681a(c).

5.  Defendant Experian Information Solutions, Inc. ("Experian") is an Ohio corporation registered to conduct business within the state of Arizona.

6.  Experian is a "person" as that term is defined by FCRA § 1681a(b).

7.  Experian is a "consumer reporting agency" as that term is defined by FCRA § 1681a(f).

### IV. Factual Allegations

8.  Defendant has been reporting derogatory and inaccurate statements and information concerning Plaintiff to third parties for an unknown period of time.

9.  This inaccurate information negatively reflects upon Plaintiff, and consists of statements which cannot be attributed to Plaintiff, or which misrepresent Plaintiff, as well as incorrect personal identifying information.

10. Defendant has been reporting the inaccurate information through the issuance of false and consumer credit reports that Defendant has disseminated to various persons and credit grantors, both known and unknown.

11. Plaintiff  Rosal E. Salas applied for an auto loan in March 2015 from Desert Schools Federal Credit Union ("DSFCU").

12. As part of the application process, DSFCU acquired a credit report from

- 2 -

Experian.

13. Shortly after , DSFCU sent Plaintiff notice that her credit score based upon her Experian credit file was only "645" due to the following four primary reasons:

- Derogatory public record or collection filed

- Length of time since legal item filed or collection item reported

- Length of time accounts have bee n established

- Proportion of balance to high credit on banking revolving or all revolving accts

14. Plaintiff has never had a delinquent account or any account go into collections, nor has she ever had a derogatory "Public Record" which would show on her credit file with Experian.

15. On March 13, 2015, Plaintiff obtained her credit report from CreditKarma, which included information reported on Plaintiff by Experian.

16. The March 13, 2015 report showed a public record of a judgment in the amount of $12,449 allegedly owed by Plaintiff to Arizona Federal Credit Union.

17. On May 14, 2015, Plaintiff obtained her credit report directly from Experian.

18. The May 14, 2015 report again showed the public record judgment in the amount of $12,499 allegedly owed by Plaintiff to Arizona Federal Credit Union.

19. Plaintiff has never had a credit account with Arizona Federal Credit Union.

20.   Plaintiff has never been sued by Arizona Federal Credit Union.

21.   Plaintiff has never had a judgment entered against her and in favor of Arizona Federal Credit Union.

22.   Experian's reporting of the public record of a judgment on Plaintiff's credit report is erroneous and the proximate cause of significant harm to Plaintiff.

## FIRST CLAIM FOR RELIEF

### (Negligent Noncompliance with FCRA)

23.   Plaintiff incorporates by reference paragraphs 1 though 22.

24.   Experian negligently failed to comply with the requirements of FCRA including but not limited to:

a.   failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning Plaintiff, as required by 15 U.S.C. § 1681e(b);

As a result of Experian's failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, interference with her normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry and other related problems, for which Plaintiff seeks damages in an amount to be determined by the jury.

25.   Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681*o*(a).

## SECOND CLAIM FOR RELIEF

### (Willful Noncompliance with FCRA)

26.   Plaintiff incorporates by reference paragraphs 1 through 25.

27.   Experian willfully failed to comply with the requirements of FCRA

including but not limited to:

a. failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning Plaintiff, as required by 15 U.S.C. § 1681e(b);

28. As a result of Experian's failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, invasion of privacy, interference with her normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry and related problems, for which Plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

29. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

## VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a) Actual damages to be determined by th jury;

b) Punitive damages to be determined by the jury;

c) Attorney's fees;

d) Costs and expenses incurred in this action; and

e) Such other relief as may be just and proper.

/ / /

/ / /

1

2        DATED ____June 4, 2015____.

3

4                                ___s/ Floyd W. Bybee_____
                                Floyd W. Bybee, #012651
5                               **BYBEE LAW CENTER, PLC**
                                90 S. Kyrene Rd., Ste. 5
6                               Chandler, AZ 85226-4687
                                Office: (480) 756-8822
7                               Fax: (480) 302-4186
                                floyd@bybeelaw.com
8
                                Attorney for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

- 6 -